UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAKIRA PERRY o/b/o                          Case No. 12-14439
CHARLES DEVON KING,
                                             Sean F. Cox
            Plaintiff,                       United States District Judge
v.
                                             Michael Hluchaniuk
COMMISSIONER OF SOCIAL SECURITY,             United States Magistrate Judge

            Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS MOTIONS FOR SUMMARY JUDGMENT (Dkt. 9, 12)**

## I.    PROCEDURAL HISTORY

### A.    Proceedings in this Court

On October 6, 2012, plaintiff, mother of a minor child, filed the instant suit

seeking judicial review of the Commissioner's unfavorable decision disallowing

benefits.  (Dkt. 1).  Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule

72.1(b)(3), District Judge Sean F. Cox referred this matter to the undersigned for

the purpose of reviewing the Commissioner's decision denying plaintiff's claim for

supplemental security income.  (Dkt. 2).  This matter is currently before the Court

on cross-motions for summary judgment.  (Dkt. 9, 12).

1

###### B.    Administrative Proceedings

Plaintiff filed the instant claims on September 28, 2009, on behalf of her minor child, the claimant, alleging disability beginning on September 1, 2009. (Dkt. 7-3, Pg ID 131-33).  The claim was initially disapproved by the Commissioner on February 3, 2010.  (Dkt. 7-3, Pg ID 84).  Plaintiff requested a hearing and on March 30, 2011, plaintiff appeared and testified, without claimant and without the assistance of counsel, before Administrative Law Judge ("ALJ") Troy M. Patterson, who considered the case *de novo*.  (Dkt. 7-2, Pg ID 63-81).  In a decision dated July 15, 2011, the ALJ found that the claimant was not disabled. (Dkt. 7-2, Pg ID 45-60).  Plaintiff requested a review of this decision on August 12, 2011.  (Dkt. 7-2, Pg ID 41-42).  The ALJ's decision became the final decision of the Commissioner when, after review of additional exhibits (Dkt. 7-2, Pg ID 31),[1] the Appeals Council, on August 9, 2012, denied plaintiff's request for review. (Dkt. 7-2, Pg ID 28-32); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th

---

[1]In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *see also Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

## II.   FACTUAL BACKGROUND

### A.   ALJ Findings

The claimant was born in 2001 and was nine years of age at the time of the administrative hearing.  (Dkt. 7-2, Pg ID 51).  The ALJ applied the three-step sequential disability analysis applicable to childhood disability claims and found at Step I that the claimant did not engage in substantial gainful activity at any time relevant to the ALJ's decision.  (*Id.*).  At Step II, the ALJ found that the claimant had attention deficit hyperactivity disorder ("ADHD"), which he found to be an impairment that caused more than minimal functional limitations.  (*Id.*).  At Step III, the ALJ found that the claimant did not have an impairment or combination of impairments that met or medically equaled the Listings.  (*Id.*).  The ALJ then concluded that the claimant did not have a "marked" or "extreme" limitation in any of the six broad functional domains and thus did not functionally equal a listed impairment.  (Dkt. 7-2, Pg ID 51-59).  The ALJ therefore denied benefits because the claimant was not disabled as defined by the Social Security Act.

### B.    Plaintiff's Claims of Error

Plaintiff claims that "[t]he ALJ erred by failing to evaluate all the medical records of evidence."  Plaintiff argues that the claimant had an ADHD evaluation at the Hamilton Health Clinic on April 16, 2009, which indicated that he had "difficulties in school, very hyperactive, not paying attention" (Dkt. 7-7, Pg ID 208), and that the record also indicates that he had been diagnosed with ADHD in 2007.  (Dkt. 7-7, Pg ID 210).  Also, a  report indicates that the claimant had a "school conflict" due to his ADHD and defiance, and that he had been held back one year.  (Dkt. 7-7, Pg ID 211).  And, a mental evaluation noted that the claimant "was very hyperactive, overtalkative, distracted, with lack of concentration and focus," diagnosed him with "attention deficit hyperactivity disorder, combined," among other things, and assigned him a Global Assessment of Functioning ("GAF") score of 50.  (Dkt. 7-7, Pg ID 223).

Plaintiff further argues that she testified that the claimant had been held back in school, he was not doing well in school, and he had been suspended three times. (Dkt. 7-2, Pg ID 72, 74).  She complained that plaintiff is "always, you know, bickering with [his brother], arguing with him[,]" that plaintiff "can't stay focused long," that "sometimes he's down or like something [sic] wrong with him.  And other times he's off, up, jumping around, off to another world somewhere[,]" and that "he constantly [sic] getting kicked out and disruptive in class and stuff like

4

that."  (Dkt. 7-2, Pg ID 78-79).

Plaintiff also claims that the record evidences that the claimant has an Individualized Education Plan ("IEP"), which indicates that he is eligible for special education based on a "specific learning disability," and specifically problems in written expression, basic reading skills, reading comprehension, and mathematics problem solving.  (Dkt. 7-6, Pg ID 192-203).  According to plaintiff, based on the above, the ALJ's decision should be reversed and the case remanded for further proceedings consistent with the above arguments.

## C.   The Commissioner's Motion for Summary Judgment

The Commissioner argues that the ALJ reasonably found that the claimant's mental impairments did not meet, medically equal, or functionally equal a listed impairment.  According to the Commissioner, the ALJ's decision reflects that he carefully considered all the medical evidence, including the evaluations from Nancy Koenig-Forbis, Ph.D., a psychologist, and Zhara Khademian, a state agency psychiatrist, as well as the testimony of the claimant's mother, and that plaintiff failed to identify what, if any, records the ALJ overlooked.  The ALJ summarized the testimony of plaintiff, who noted that the claimant had difficulty in school and with interacting with others, but also admitted that the claimant had not received any counseling until recently, had not been hospitalized for any psychiatric problem, and did not use medication for his mental problems.  (Dkt. 7-2, Pg ID 52-

53).

The Commissioner argues that the record evidence supports the ALJ's finding that while the claimant may have exhibited some behavioral, hyperactivity and concentration difficulties, which could have a distractive effect on his learning environment, the objective evidence did not corroborate the severity and restrictive nature of his alleged disabling symptoms. Dr. Koenig-Forbis conducted a mental examination of the claimant on January 18, 2010, and noted that he never had any psychiatric hospitalizations and that his academic scores were at or near grade level despite the presence of emotional disturbances. (Dkt. 7-7, Pg ID 219-29). During the examination, the claimant was overtalkative, but had clear and understandable speech and appropriate, receptive and expressive language skills. (*Id.*). He displayed normal thought content, good memory, adequate calculation skills, and normal perception. (*Id.*). The claimant was polite and cooperative, and Dr. Koenig-Forbis opined that the claimant had the intellectual capability to understand, retain, and follow simple and complex instructions (*Id.*), which the Commissioner argues does not demonstrate the type of functioning one would expect from a disabled individual.

The Commissioner argues that the ALJ's finding was also supported by the report from Dr. Khademian, the state agency doctor who reviewed the claimant's medical record. Dr. Khademian evaluated the claimant's functioning under the six

6

broad functional domains and opined that his mental impairment was not disabling.

(Dkt. 7-7, Pg ID 230-36).  The Commissioner argues that the claimant's mere

diagnosis with ADHD does not indicate the presence of disabling limitations.  *See*

*Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis of

arthritis, of course, says nothing about the severity of the condition.").  The

Commissioner further contends that because plaintiff has failed to identify the

alleged evidence the ALJ ignored or improperly disregarded, she has waived this

argument.  *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)

("Issues adverted to in a perfunctory manner, unaccompanied by some effort at

developed argumentation, are deemed waived.  It is not sufficient for a party to

mention a possible argument in the most skeletal way, leaving the court to put flesh

on its bones.") (citations and internal quotation omitted).

Finally, the Commissioner notes that plaintiff improperly cites to evidence

showing that the claimant was eligible for special education as evidence that he

was disabled.  Plaintiff did not provide that evidence to the ALJ, but only to the

Appeals Council after the ALJ had issued his decision in this case, and judicial

review of the Commissioner's final decision is to be based only on the evidence of

record compiled by the agency and before the ALJ at the time of his decision.  *See*

*Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Commissioner argues that

plaintiff has failed to carry her burden to show that this additional evidence

requires a remand because she has not argued, or even shown, that the evidence is new and material and that she had good cause for her failure to incorporate the additional evidence into the record during the administrative process.  42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).  Therefore, any such argument is waived.  *See McPherson*, 125 F.3d at 995-96.

## III.   DISCUSSION

### A.   Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious.  *Sullivan v. Zebley*, 493 U.S. 521 (1990).  The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council.  *Bowen v. Yuckert*, 482 U.S. 137 (1987).  If relief is not found during this administrative review process, the claimant may file an action in federal district court.  *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g).  Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal

standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247 (quoting Social

9

Security Ruling ("SSR") 96-7p, 1996 WL 374186, *4).

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted) (citing *Mullen*, 800 F.2d at 545).

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of

10

whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 521, 526 (6th Cir. 2006).

> ### B. Legal Standards - Eligibility For SSI Childhood Disability Benefits

A child will be considered disabled if he has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations." 42 U.S.C. § 1382c(a)(3)(C)(i). To determine whether a child's impairments result in marked and severe limitations, Social Security Administration ("SSA") regulations prescribe a three-step sequential evaluation process:

1. A child will be found "not disabled" if he engages in substantial gainful activity.

2. A child will be found "not disabled" if he does not have a severe impairment or combination of impairments.

3. A child will be found "disabled" if he has an impairment or combination of impairments that meets, medically equals, or functionally equals an impairment listed in 20 C.F.R. Part 404,

Subpart P, App. 1. 20 C.F.R. § 416. 924(a)-(d).

To determine whether a child's impairment functionally equals the listings, the
SSA will assess the functional limitations caused by the child's impairment.  20
C.F.R. § 416.926a(a).  The SSA will consider how a child functions in six
domains:

1.   Acquiring and using information;

2.   Attending and completing tasks;

3.   Interacting and relating with others;

4.   Moving about and manipulating objects;

5.   Caring for yourself; and

6.   Heath and physical-being.

20 C.F.R. § 416.926a(b)(1).  If a child's impairments result in "marked" limitations
in two domains, or an "extreme" limitation in one domain,[2] the impairment
functionally equals the listing and the child will be found disabled.  20 C.F.R. §
416.926a(d).

---

[2] A marked limitation is one that "interferes seriously with [a child's] ability to
independently initiate, sustain, or complete activities."  20 C.F.R. § 416.926a(e)(2).  An extreme
limitation is one that "interferes very seriously with [a child's] ability to independently initiate,
sustain, or complete activities."  20 C.F.R. § 416.926a(e)(3).

### C.    Analysis and Conclusions

Plaintiff claims that "[t]he ALJ erred by failing to evaluate all the medical records of evidence," but she fails to identify the evidence the ALJ is alleged to have ignored.  While the undersigned has thoroughly reviewed the record evidence, the parties' submissions, and the ALJ's decision, plaintiff cannot simply make the claim that the ALJ committed an error, while leaving it to the Court to scour the record to support this claim.  It is not sufficient for a party to mention a possible argument "in a most skeletal way, leaving the court to ... put flesh on its bones."  *McPherson*, 125 F.3d at 995-96.  Indeed, a court need not make a party's case by scouring the various submissions to piece together appropriate arguments.  *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995).  And, the court is not obligated to make plaintiff's case for them or to "wade through and search the entire record" for some specific facts that might support her motion.  *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989).

The undersigned has reviewed the ALJ's decision and the record evidence and finds that the ALJ's decision is supported by substantial evidence.  The ALJ noted that plaintiff testified that the claimant was below average level academically, has serious difficulty focusing and sitting still, is disrespectful to people, and is uncontrollable.  (Dkt. 7-2, Pg ID 52).  The ALJ found, however, that the objective medical evidence failed to provide strong support for plaintiff's

13

allegations of disabling symptoms. (Dkt. 7-2, Pg ID 52-54). He noted that Dr.

Koenig-Forbis, the consultative examiner, evaluated the claimant in January 2010,

diagnosed him with ADHD, and noted that testing shows the claimant's intellectual

abilities fall within the lower limits of average range, and his "academic scores in

reading, spelling, and arithmetic are at or near grade level." (Dkt. 7-2, Pg ID 53).

Dr. Koenig-Forbis also noted that although the claimant was overtalkative, he had

clear and understandable speech, normal thought content, good memory, normal

perception, and he was polite and cooperative. (*Id.*).

The ALJ also properly noted that the claimant's history of psychiatric

treatment is sparse, he was not receiving counseling until recently, and he is not

taking any psychiatric medication at that time. (*Id.*). Medical records indicate

complaints of hyperactivity and inattentiveness by the claimant, that the claimant

was diagnosed with ADHD, and that plaintiff, not the physician, discontinued the

claimant's prescribed medication. (Dkt. 7-7, Pg ID 208-14). Further, the report

from the claimant's teacher reveals that the claimant was displaying some

problems with distractability and impulse control, but his teacher does not indicate

any marked or severe problems. (Dkt. 7-2, Pg ID 53). Dr. Koenig-Forbis opined

that the claimant has the intellectual capacity to understand, retain, and follow

simple and complex instructions, although his symptoms of hyperactivity and

difficulties with concentration may interfere with him being competent in these

14

areas compared to other children his age. (Dkt. 7-6, Pg ID 223). Dr. Zahra
Khademian, the state agency mental health reviewer, also opined that although the
claimant has a severe impairment, his limitations are not of a severity to
functionally meet the disability criteria, and that his symptoms would probably
improve with treatment and medication. (Dkt. 7-7, Pg ID 230-36). The ALJ gave
significant weight to the opinions of both Dr. Koenig-Forbis and Dr. Khademian,
and thoroughly analyzed the claimant's impairment under the six relevant
functional domains, finding that he has less than marked limitations in acquiring
and using information, attending and completing tasks, interacting and relating
with others, caring for himself, and health and physical well-being, and no
limitation in moving about and manipulating objects. (Dkt. 7-2, Pg ID 53-59).

In this case, plaintiff has made no effort whatsoever to even point the Court
in the direction of any potential errors below. Plaintiff cites to case law that ALJs
must provide good reasons for discounting the opinions of the claimant's treating
physicians, but she has not identified any treating physician opinion that she
believes the ALJ overlooked or improperly weighed. Plaintiff also cites to
multiple records showing that the claimant was diagnosed with ADHD, but the
ALJ acknowledged that the claimant has been diagnosed with ADHD and listed
this condition as a severe impairment. (Dkt. 7-2, Pg ID 51). Moreover, as the
Commissioner correctly states, the mere diagnosis of this condition, alone, does not

15

indicate the presence of disabling limitations. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988).

Finally, plaintiff also cites to evidence showing that the claimant was eligible for special education as evidence that he is disabled, relying on a September 28, 2011 Individualized Education Program ("IEP") document. Plaintiff, however, did not provide this evidence to the ALJ and instead only produced it to the Appeals Council after the ALJ had issued his decision in this case. As explained *supra* at fn.1, the Sixth Circuit has "repeatedly held that evidence submitted to the Appeals Council after the ALJ's decision cannot be considered part of the record for purposes of substantial evidence review." *Foster*, 279 F.3d at 357 (citing *Cline*, 96 F.3d at 148). Thus, the Court may not consider evidence presented for the first time to either the Appeals Council or the District Court in deciding whether to uphold, modify, or reverse the ALJ's decision. *See Cotton*, 2 F.3d at 696. Because the IEP document was not available to the ALJ, as the IEP postdates both the hearing before the ALJ and the ALJ's decision, the undersigned cannot consider that document for purposes of determining whether the ALJ's decision is supported by substantial evidence. Thus, any suggestion by plaintiff that the ALJ erred by not considering that document is without merit.

Instead, the proper method for obtaining review of new evidence submitted to the Appeals Council is to request a sentence six remand under 42 U.S.C.

16

§ 405(g).  Under sentence six of 42 U.S.C. § 405(g), remand is appropriate where there is a showing of "new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Foster*, 279 F.3d at 357.  Thus, plaintiff has the burden to demonstrate that this evidence is "new" and "material" and that there is "good cause" for failing to present this evidence in the prior proceeding.  *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 598 (6th Cir. 2005).  Courts "are not free to dispense with these statutory requirements."  *Hollon*, 447 F.3d at 486.  Evidence is "new" if it was not in existence or available to the claimant at the time of the administrative proceeding.  *Foster*, 279 F.3d at 357.  To be considered "material" within the meaning of § 405(g), the new evidence (1) must be relevant and probative to plaintiff's condition *prior to the Commissioner's decision* and (2) must establish a reasonable probability that the Commissioner would have reached a different decision if the evidence had been considered.  *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711-12 (6th Cir. 1988); *Laslau v. Comm'r of Soc. Sec.*, 2013 WL 1632537, at *8 (E.D. Mich. Jan. 13, 2013) ("'material' evidence must be 'probative of the claimant's condition for the time period for which benefits were denied'") (citation omitted), *adopted by* 2013 WL 1632535 (E.D. Mich. Apr. 16, 2013).  To show "good cause," the moving party must present a

valid justification for the failure to have acquired and presented the evidence in the prior administrative proceeding. *Foster*, 279 F.3d at 357. "Good cause," however, is *not* established solely because the new evidence was not generated until after the ALJ's decision; the Sixth Circuit has taken a "harder line" on the good cause test. *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986); *see also Perkins v. Apfel*, 14 Fed. Appx. 593, 598-99 (6th Cir. 2001). A plaintiff attempting to introduce new evidence must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision. *See Hollon*, 447 F.3d at 485; *see also Brace v. Comm'r of Soc. Sec.*, 97 Fed. Appx. 589, 592 (6th Cir. 2004) (claimant's decision to wait and schedule tests just before the hearing with the ALJ did not establish good cause); *Cranfield v. Comm'r of Sox. Sec.*, 79 Fed. Appx. 852, 859 (6th Cir. 2003).

Plaintiff here has not argued, let alone shown, that the IEP document is material and that she had good cause for her failure to incorporate that evidence into the record during the administrative process. *See Hollon*, 447 F.3d at 483 ("The party seeking a remand bears the burden of showing that these two requirements are met."). The undersigned finds that the IEP evidence is "new" because the IEP was dated September 28, 2011, approximately six months after the hearing before the ALJ and two months after the ALJ issued his opinion. (Dkt. 7-6, Pg ID 192-203). However, "[i]t is not enough that the evidence be new, the new

18

evidence must relate to the period on or before the ALJ's decision." *McIntosh v. Comm'r of Soc. Sec.*, 2009 WL 2139955, at *14 (E.D. Mich. July 13, 2009). Thus, the issue before the undersigned is whether the document is "material" and whether "good cause" exists for the Commissioner to review it. Plaintiff wholly fails to address the "material" and "good cause" requirements, and thus has not met her burden for a sentence six remand. *Hollon*, 447 F.3d at 483.

In any event, under the facts of this case, the undersigned finds that the September 28, 2011 IEP is not material for purposes of a sentence-six remand. The IEP indicates that the claimant's "overall intellectual ability" was "in the very low range of standard scores," and that he has "deficits in math calculation instructionally" and "deficits in math reasoning," and that based on the evaluation findings, the claimant is determined to be eligible for special education services. (Dkt. 7-6, Pg ID 192-203). While the ALJ similarly noted that the claimant's intellectual abilities "fall within the lower limits of average range," he also noted that the claimant is in regular class and has never been placed in special education class. (Dkt. 7-2, Pg ID 55-56, 59). Given the ALJ's qualifying language, it is conceivable that the claimant's enrollment in special education classes as reflected in the IEP could have affected the ALJ's findings in these domains. Nevertheless, the IEP is not chronologically material, because it was completed in September 2011, several months after the ALJ's decision, and reflected the claimant's

19

condition as it existed during the following school year, not at the time of the onset of his alleged disability, or even at the time of the hearing before the ALJ. "Evidence of a subsequent deterioration or change in condition after the administrative hearing is deemed immaterial." *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 685 (6th Cir. 1992) (report generated nearly four months after the hearing and one month after the ALJ's decision not material to plaintiff's condition as of the onset date or even the hearing date); *Brown v. Comm'r of Soc. Sec.*, 2011 WL 3738975, at *4 (W.D. Mich. Aug. 24, 2011) (sentence six remand not warranted because IEP, which post-dated the ALJ's decision by several months, was not material because it reflected the plaintiff's condition as it existed during the following school year, and not at the time of the onset of the plaintiff's alleged disability). As the Sixth Circuit has recognized, "[i]f in fact the claimant's condition had seriously degenerated, the appropriate remedy would have been to initiate a new claim for benefits as of the date that the condition aggravated to the point of constituting a disabling impairment." *Sizemore*, 865 F.2d at 712. Plaintiff remains free to file a new claim for disability benefits if the claimant's condition has indeed deteriorated or changed.

After review of the record, the undersigned concludes that the decision of the ALJ, which ultimately became the final decision of the Commissioner, is within that "zone of choice within which decisionmakers may go either way

without interference from the courts," *Felisky*, 35 F.3d at 1035, as the decision is supported by substantial evidence. Thus, the undersigned recommends that the ALJ's decision be affirmed.

## IV.   RECOMMENDATION

In light of the entire record, and for the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: May 31, 2013                        s/Michael Hluchaniuk
                                          Michael Hluchaniuk
                                          United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on May 31, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Richard J. Doud, Laura A. Sagolla, AUSA, Niranjan Emani and the Commissioner of Social Security.

                                          s/Tammy Hallwood
                                          Case Manager
                                          (810) 341-7850
                                          tammy_hallwood@mied.uscourts.gov

22